UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS J. CARBERRY and EDWARD
WILLIAMS, as Trustees and Fiduciaries of the
LOCAL 1205 WELFARE FUND,

                      Plaintiffs,

    -against-

HAROLD T. BROWN,

                      Defendant.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 19-6370 (DRH) (ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Hurley for a report and recommendation as to whether a default judgment should be entered and, if so, the appropriate damages to be awarded to the plaintiffs, the Trustees and Fiduciaries of the Local 1205 Welfare Fund (the "plaintiffs" or "Fund"). The plaintiffs have submitted the Declarations of Elise S. Feldman, Esq. and Diana Puglisi, along with attached exhibits, and a memorandum of law in support of their motion for a default judgment and damages. Despite being mailed a copy of the motion at three different addresses, the defendant, Harold T. Brown ("Brown"), has not submitted papers in opposition. Nevertheless, for the reasons set forth below, the undersigned recommends that the motion for a default judgment be denied at this time.

## BACKGROUND

      The Fund, which maintains offices at 246 Conklin Street, Farmingdale, New York 11735, is an "employee benefit plans" as defined in Section 3(1) of ERISA, 29 U.S.C. §1002(1). Compl. ¶¶ 4-5. Brown is an individual who the plaintiffs believe resides at 36 South 30th Street, Wyandanch, New York 11798. *Id.* ¶ 6. However, according to the complaint,

Brown may also reside at 704 Centerwood Street, West Babylon, New York 11704 or 111 Schenectady Avenue, Wyandanch, New York 11798. *Id.* ¶ 7.

On or around January 6, 2014, Brown suffered an injury. *Id.* ¶ 9. Following the injury, Brown applied for benefits from the Fund for treatment he needed as a result of the injury. *Id.* ¶ 17. Brown also applied for and received Workers' Compensation coverage for the treatment he received for the injury. *Id.* ¶¶ 11, 12. Brown failed to inform the plaintiffs that his treatment had been paid for by Workers' Compensation. *Id.* ¶ 13. Indeed, according to the plaintiffs, Brown was aware that the Fund would not pay for the costs of any treatment covered by Workers' Compensation so he submitted false information to the Fund that led it to believe that his injury was not covered by Workers' Compensation. *Id.* ¶¶ 14-6. As a result, in 2014 and 2015, Brown received checks totaling $9,939.38 from the Fund to cover the cost of his treatment. *Id.* ¶¶ 17-9. Once the Fund learned that his treatment had been covered by Workers' Compensation, the Fund sought reimbursement from Brown. *Id.* ¶ 22. Brown agreed to reimburse the Fund in total by paying it $400.00 per month beginning in 2015 but he never made a single settlement payment. *Id.* ¶¶ 23-5.

The plaintiffs now seek to be reimbursed for the money improperly paid out to Brown plus attendant damages pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ER[SA"), 29 U.S.C. $$ 1001, *et seq*. Brown was served with a copy of the summons and the complaint filed in this action on December 3, 2019 at the 30th Street address. According to the affidavit of service, the summons and complaint were left with a black woman, age 36-50, who refused to give her name, The following day, a copy of the summons and complaint was also mailed to the same address in an envelope marked "Personal and Confidential." To date, Brown has failed to answer. On June 1, 2019, the plaintiffs requested a

2

certificate of default be entered against Brown. The certificate was entered by the Clerk of the Court on June 3, 2019.

## DISCUSSION

As noted above, the plaintiffs acknowledge that Brown may live at one of three different addresses. Indeed, according to plaintiffs' counsel's declaration, in October 2018, the plaintiffs sent a letter to Brown demanding repayment of the "fraudulently-received benefits" at an address on Winter Avenue in Wyandach, New York. Feldman Decl. Ex. C. Counsel sent a second letter demanding repayment of the benefits on January 22, 2019. *Id.* ¶ 11. The January 22 letter was mailed to Brown at an address on Centerwood Street in West Babylon, New York. *Id.* Ex. D. Service of the complaint was then attempted on Brown at 36 South 30th Street, Wyandanch, New York 11798. ECF No. 7. However, as noted above, the summons and complaint was left with Jane Doe, a black woman who refused to identify herself. *Id.* Accordingly, it is not clear from the affidavit of service if Brown actually resides at 36 South 30th Street or what, if any, relationship he has with the woman who accepted service.

Moreover, when counsel prepared the instant motion, she opted to mail a copy of the motion to Brown at three different addresses – this time to the 30th Street and Centerwood Street addresses, as well as to a new address on Schenectady Avenue in Wyandanch, NY. ECF No. 14-16. No explanation is offered in the plaintiffs' submissions as to why service of the motion papers was not attempted at the original address on Winter Avenue. Nor is it clear why service of the summons and complaint was not attempted at one of the other "known" addresses. As a result, the Court cannot determine if service in this case was proper. Therefore, the undersigned respectfully recommends that the motion be denied with leave to renew.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on the defendant upon receipt at all of his known addresses and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. 636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       May 26, 2021

                                                       /s/
                                       ARLENE R. LINDSAY
                                       United States Magistrate Judge